# STATE ex rel. LYNDON A. SMITH v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

December 18, 1914.

Nos. 18,962—(18).

**Maximum passenger rates — construction of statute.**

Laws 1913, chapter 536, provides that no railroad company shall charge for transporting any passenger any sum in excess of the following prices, viz: For a distance not exceeding five miles, three cents per mile; for all other distances, two cents per mile. Construing this act it is *held:*

(1) The language of the act is ambiguous. It is uncertain whether the legislature intended to authorize a railroad company, when the distance exceeds five miles, to charge three cents per mile for the first five miles and two cents per mile for the additional distance, or only to charge two cents per mile for the entire distance. The act is therefore open to construction.

(2) Considering the probable object of the legislature in granting the three cent rate, the absurd results of the last named construction, the fact that such construction would necessitate holding that prior *inconsistent* statutes had been repealed by implication, or that putting in effect the rate permitted would necessarily involve violations of such prior statutes, the act is construed to mean that a railroad company is permitted to charge three cents per mile for the first five miles of a passenger's trip, and two cents per mile for the additional distance.

(3) There has been no practical construction of the act that should influence our construction thereof.

Upon the relation of Lyndon A. Smith, Attorney General, the district court for Ramsey county granted its alternative writ of mandamus requiring respondent to promulgate, put in force and act upon a schedule of passenger rates conforming to chapter 536, Laws 1913, and prescribing therein for all distances other than and in excess of five miles a rate of two cents per mile for the transportation of passengers and their ordinary baggage not exceeding 150 pounds, and to charge therefor a rate not in excess of the rate

1. Reported in 150 N. W. 172.

of two cents per mile for other distances than and in excess of five miles. The matter was heard before Olin B. Lewis, J., who denied respondent's motion to quash the writ and overruled its demurrer to the petition and writ and certified that the question presented by the demurrer was important and doubtful. From the order denying defendant's motion to quash the petition and overruling its demurrer to the petition and writ, it appealed. Reversed.

F. W. Root, Nelson J. Wilcox, O. W. Dynes and Burton Hanson, for appellant.

Lyndon A. Smith, Attorney General, and Alonzo G. Edgerton, Assistant Attorney General, for respondent.

BUNN, J.

The state petitioned for a writ of mandamus to compel defendant to cease to charge in excess of two cents a mile as passenger fare where the passenger traveled a distance exceeding five miles. An alternative writ was issued, and defendant demurred and moved to quash. The demurrer was overruled and the motion denied. The trial court certified that the question presented by the demurrer was important and doubtful, and defendant appealed from the order.

The sole question involved is the construction of the so-called Bendixen law (Laws 1913, p. 775, c. 536), which, omitting immaterial parts, is as follows:

"No railroad company shall charge for transporting any passenger any sum in excess of the following prices, viz.: For a distance not exceeding five miles, three cents per mile; for all other distances, two cents per mile."

The question is this: When the distance exceeds five miles, is the company entitled to receive three cents per mile for the first five miles, and two cents per mile for the distance in excess of five miles, or but two cents per mile for the entire distance? If, for instance, the distance between two stations is seven miles, is the legal fare 19 cents or 14 cents?

The trial court adopted the construction contended for by the state, holding that the railway company was entitled to charge a maximum rate of three cents a mile only when the distance traveled

by the passenger did not exced five miles, and that the maximum rate for all distance in excess of five miles was two cents a mile for the entire distance.

The language of the act is not free from ambiguity. The meaning of the word "other," as used in the phrase "all other distances," even when considered without the aid of extraneous evidence, is not free from uncertainty. "Other" is an adjective that has various meanings and various shades of meaning. Reference to dictionaries discloses many synonyms. We are here concerned only with the question whether the legislature, in using the word, meant all distances *different* in length from those mentioned, or all distances *additional* to those mentioned. The lexicographers give both definitions. The word often conveys the idea of "different or distinct from that already mentioned," but is as often used to express the idea of "additional," or "further." It is not difficult to cite examples of both meanings as well as of uses of the word that convey the thought of both "additional," and "different" in kind or quality. When we say in an opinion that there was "other evidence to support the verdict," or "other reasons" for a conclusion, we plainly mean evidence additional to that particularly referred to, reasons additional to those pointed out. If one says: "I have other enemies," "there are other men who think as I do," "I have other things to do," while there may be some idea of distinction between the person or thing mentioned, and the "other" persons or things, the main impression conveyed is that of further or additional persons or things. As readily perhaps may be given examples where the word clearly means "different" or "distinct" from that mentioned. Enough has been said to show plainly that there is ambiguity in the act itself, an uncertainty as to what the language employed means. In such case we are entitled to consider and should consider not only the language of the entire act, but all evidence which will throw light on the intention of the lawmakers. In short, it is a case where a bare reading of the statute does not suffice to enable us to ascertain and understand its meaning, and where, consequently, there is room for construction.

We would be inclined to agree with the construction of the trial

court, if there was nothing to guide us "other" than the language used. It cannot be denied that apter words might have been chosen to convey the idea of a three cent fare for the first five miles of every journey, and a two cent fare for the additional mileage travel. But persuasive reasons exist for the "other" construction.

We are not clear as to the object of the lawmakers in fixing a maximum charge of three cents per mile for distances not exceeding five miles, whatever the correct interpretation of the act is. But we are able to see no reason for the provision if the construction contended for by the state is the right one, while it may be said that the legislature had in mind an extra cent per mile for five miles as an allowance in the nature of a terminal charge. If this was the idea, and we can conceive of no other explanation, it is manifest that the allowance would give the carrier substantially no benefit if it is to be made only when the passenger's journed is five miles or less, while, if 15 cents may be charged for the first five miles of every passenger's trip, the allowance would be quite a substantial one. The revenue at the rate of three, four or five cents from each passenger who traveled three, four or five miles and no farther, would amount to a very inconsiderable sum. Whether the idea was to make an allowance in the nature of a terminal charge, or simply to make the law somewhat less liable to be held confiscatory than the one at the time under fire in the Supreme Court of the United States, it can hardly be conceived that the legislature would solemnly grant such an infinitesimal benefit, or such a small concession.

If the construction adopted by the trial court is the correct one, the result is a manifest absurdity. For a distance of five miles the carrier may charge 15 cents, for six miles but 12 cents, and for seven miles but 14 cents. This is a greater fare for a lesser distance, a result not only absurd in itself, but in direct violation of well known statutes of the state on the subject of regulating transportation charges of railroads. G. S. 1913, § 4285 (R. L. 1905, § 2007), prohibits unequal or unreasonable charges for the transportation of passengers. Section 4332 (R. L. 1905, § 2009), makes it unlawful for a common carrier to make or give any unequal or unreasonable preference or advantage to any particular person, or

to subject any particular person to any unequal or unreasonable prejudice in any respect whatever. Section 4347 (R. L. 1905, § 2017), the "long and short haul section," makes it illegal to charge or receive any greater compensation for the transportation of passengers for a shorter than for a longer distance over the same line.

If the Bendixen law is to be construed as contended by the state, it is plain that the result is inequality in charges, and a greater fare for a shorter distance. We cannot think for a moment that the legislature intended to repeal the prior statutes. They must be construed to harmonize with the one under discussion, in *pari materia*. The trial court agreed that the railroad company must obey the prior statutes against discrimination and overcharges, but suggested that this could be accomplished by the company reducing the rate for distances of five miles or less. This is perhaps a plausible argument, but we are convinced that it is unsound. It amounts to this: The company, in order to obey the prior statutes, must release all benefit from the present one. No case can be figured out where a charge of 15 cents for a five mile trip would not be unequal, discriminatory, and, as to distances between five and seven miles, violate the long and short haul clause. Therefore the act under consideration gives no benefit whatever to the carrier, or rather the carrier is obliged to forego any benefit that it was intended to give. It follows inevitably that this would annihilate the three cent per mile provision of the law. Instead of harmonizing apparently conflicting statutes, so as to give effect to both, the construction contended for by the state would make one of the statutes futile and purposeless. On the other hand, the construction contended for by defendant makes the two statutes entirely consistent, enables the company to receive some benefit from the second statute without violating the first.

For the reasons above stated, we hold that under the law in question a carrier may charge three cents per mile for the first five miles of every passenger's trip. This conclusion is reached notwithstanding the statements that the "authorities" of the state of Michigan have construed a similar statute of that state as the relator would have us construe this, and that many of the railroads in this state

have acceded to this construction.    There has been no judicial decision, and we are unable to see that there has been any settled practical construction of the act that should influence our decision.

Order reversed.

HALLAM, J. (dissenting).

It appears to me this statute permits a charge of three cents a mile only for a trip not exceeding five miles and that for trips of greater distance the maximum is still two cents for every mile traveled.

The statute is crude and as between stations five, six and seven miles apart it will become necessary to construe it in connection with other statutes of the state.    It appears to me, however, that the sole purpose and intent of the act was to permit a higher rate per mile on short than on long trips on the same principle as the provision in the act of 1911 (p. 458, c. 331), which it superseded, provided "that no railroad company shall be required to carry a passenger any distance for less than 5 cents."

I cannot agree that it was the purpose or intent of the act of 1913 to authorize an increase of five cents in the rate then allowed by law, on every trip over five miles.